UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELECTROSTIM MEDICAL
SERVICES INC., *a Florida corporation*,

       Plaintiff,

v.                                                        Case No. 8:06-cv-14-T-24TBM

AETNA LIFE INSURANCE COMPANY,
*a foreign corporation,* and AETNA
HEALTH, INC., *a Florida corporation*,

       Defendants.
_____/

## ORDER

This cause comes before the Court on a Motion to Dismiss Counts VII and XI of the Second Amended Complaint filed by Defendants Aetna Life Insurance Company and Aetna Health Inc. (Doc. No. 31.) Plaintiff Electrostim Medical Services, Inc. opposes this motion. (Doc. Nos. 32, 36.)

**I.  Background**

On September 5, 2006, Plaintiff filed its Second Amended Complaint, alleging eleven causes of action for contractual and equitable relief pursuant to state law and the Employee Retirement Income Security Act (ERISA). (Doc. No. 28.) Plaintiff alleges the following: Plaintiff supplies non-invasive medical products to patients for use in pain control and physical rehabilitation. (*Id.* at ¶ 5.) Plaintiff's products consist mainly of electrical stimulation devises, such as "Tens Stimulators," that help patients manage and control pain and rehabilitate injuries. (*Id.*) Plaintiff supplies its products to physicians for distribution directly to the patient. (*Id.* at ¶ 6.) Once Plaintiff receives the physician's prescription and the product is delivered to the patient, Plaintiff submits a claim for payment directly to the patient's insurance carrier. (*Id.*)

Plaintiff provided various products to patients insured by Defendants and timely submitted claims for payment to Defendants. (*Id.* at ¶ 7.) Defendants failed to process the claims as is required by the patients' health plans, ERISA, and Florida Statutes §§ 627.6131 and 641.3155. (*Id.* at ¶ 8.) The total value of the claims submitted by Plaintiff that Defendants have failed to pay exceeds $1,000,000. (*Id.* at 9.)

In Count VII of its Second Amended Complaint, Plaintiff alleges that Defendants' actions constitute unfair or deceptive trade practices in violation of Florida Statute §§ 641.3901 and 641.3903. (*Id.* at ¶ 47-49.) Plaintiff alleges that Defendants misrepresented the benefits, conditions, or terms of its contracts, misrepresented the availability of a service, knowingly delivered to Plaintiff false material statements regarding payment for covered expenses and authorizations for treatment, engaged in unfair claim settlement practices, and failed to maintain proper complaint handling procedures. (*Id.* at ¶ 48.)

On September 20, 2006, Defendants filed the instant Motion to Dismiss Count VII of Plaintiff's Amended Complaint, arguing that Count VII fails to state a claim upon which relief can be granted because § 641.3156 of the Health Maintenance Organization Act does not provide a private cause of action for violations of Florida Statute §§ 641.3901 and 641.3903. (Doc. No. 31.) Defendants also moved to dismiss Count XI, but Plaintiff has since voluntarily dismissed that count from its Second Amended Complaint. (Doc. No. 33.) Accordingly, the only issue before the Court is whether Plaintiff's statutory claim of unfair or deceptive trade practices in Count VII must be dismissed.

## II. Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S. Ct. at 103. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## III. Discussion

Defendants argue that Count VII of Plaintiff's Second Amended Complaint for unfair or deceptive trade practices in violation of Florida Statutes §§ 641.3901 and 641.3903 should be dismissed because § 641.3156 of the Health Maintenance Organization Act does not permit a medical provider, such as Plaintiff, to bring a private cause of action to enforce those statutes. Instead, Defendants argue, the Florida Department of Insurance has the sole authority to enforce the Act by bringing suits against health maintenance organizations.

In response, Plaintiff argues that its right to sue is derived from its role as a third-party beneficiary of the contracts between Defendants and their insured. Plaintiff asserts that it is a

third-party beneficiary of the contracts because it provided medical supplies to the insured on behalf of Defendants in anticipation that Defendants would compensate Plaintiff for those supplies.  Plaintiffs allege that those contracts incorporate relevant provisions of the Health Maintenance Organization Act, including §§ 641.3901 and 641.3903 that prohibit unfair or deceptive trade practices, and that it can pursue its claim under those statutes as an issue arising out of the contracts.

The Health Maintenance Organization Act "primarily seeks to regulate the business of health maintenance organizations in [Florida], to ensure that they provide at least acceptable quality health care to their insureds (or subscribers as defined by the statute)." *Fla. Physicians Union, Inc. v. United Health Care of Fla., Inc.*, 837 So. 2d 1133, 1135 (Fla. Dist. Ct. App. 2003).  In particular, §§ 641.3903 and 641.3903 prohibit health maintenance organizations from engaging in "unfair or deceptive acts or practices . . . [including] misrepresent[ing] benefits, advantages, conditions, or terms of any health maintenance contract."  Pursuant to the Act, the Florida Department of Insurance has the power to determine whether any health maintenance organization is engaged in any unfair or deceptive act or practice.  Fla. Stat. § 641.3905; *Greene v. Well Care HMO, Inc.*, 778 So. 2d 1037, 1040 (Fla. Dist. Ct. App. 2001).

"The HMO Act does not expressly authorize a private cause of action to enforce its provisions." *Foundation Health v. Westside EKG Assocs.*, 944 So. 2d 188, __, 2006 WL 2971764, at *3 (Fla. 2006).  "However, . . . this does not 'preclude the right to bring a common law . . . claim based upon the same allegations.'" *Id.* (quoting *Villazon v. Prudential Health Care Plan*, 843 So.2d 842, 852 (Fla. 2003)).  For example, in *Foundation Health*, 944 So. 2d at *4-5, the Florida Supreme Court ruled that the statutory provisions of the Act regarding prompt

payments could be incorporated into contracts between the health maintenance organization and the subscriber, such that providers, like Plaintiff, may sue for breach of contract. Significantly, the court ruled that an allegation that the health maintenance organization violated the statutory provisions regarding prompt payments "is not sufficient by itself to establish a private cause of action." *Id.* at *4. "Instead, a party must bring a recognized common law cause of action," such as a common law cause of action for breach of a third-party beneficiary contract. *Id.*

Here, Count VII of Plaintiff's Second Amended Complaint is not a common law cause of action for breach of contract. Rather, it is a statutory cause of action for relief from violations of §§ 641.3901 and 641.3903. Those statutory provisions may be incorporated into the contracts between Defendants and their insured such that Plaintiff could bring a common law cause of action for breach of a third-party beneficiary contract. *See id.* In fact, Plaintiff appears to have alleged such a claim in Count V. However, Plaintiff cannot bring a private cause of action for violation for unfair or deceptive trade practices under §§ 641.3901 and 641.3903. *See id.* Therefore, the Court concludes that Count VII must be dismissed.

**IV.   Conclusion**

It is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 31) is **GRANTED** as to Count VII and **DENIED AS MOOT** as to Count XI.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of February, 2007.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

5